{¶ 35} While I generally appreciate the majority's desire to adhere to a formalistic approach to the Civil Rules, I must respectfully dissent in this case.
 {¶ 36} As a rule, an order that does not fully dispose of all claims and counterclaims in a suit must include the "no just cause for delay" language in Civ.R. 54(B) to constitute a final appealable order. However, due to the unique procedural posture of this case, a strict adherence to such rule would constitute form over substance. Since the November 6, 2001 judgment entry contained the requisite Civ.R. 54(B) language, the trial court's intention to treat this matter as a final appealable order is self-evident. Remanding this case to the lower court merely to add a Civ.R. 54(B) provision to a five-year-old order will not change our ultimate need to address the substantive issues in this case and will not foster judicial economy. Based on the Civ.R. 54(B) language in the subsequent order now on appeal, this court should proceed to review this case on the merits. For that reason, I respectfully dissent.